UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH ORANTES, JR., | ) | CASE NO. ED CV 15-1018-DSF (PJW) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED |
| v. | ) | |
| | ) | |
| WARDEN RAYMOND MADDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On May 11, 2015, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging his May 2012 conviction for lewd acts upon a minor and resultant 40-year prison sentence. (Petition at 2.) Petitioner claims that he was denied the effective assistance of counsel, the trial court erred in accepting his guilty plea without investigation, he was denied his right to withdraw the guilty plea, and he was forced to represent himself. (Petition at 5-6.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction

1  became final on March 4, 2013--40 days after the California Court of
2  Appeal affirmed his conviction.  *See Smith v. Duncan*, 297 F.3d 809,
3  813 (9th Cir. 2002).  Therefore, the statute of limitations expired
4  one year later, on March 4, 2014.  *See Patterson v. Stewart*, 251
5  F.3d 1243, 1246 (9th Cir. 2001).  Petitioner, however, did not file
6  this Petition until May 11, 2015, more than 14 months after the
7  deadline.[1]

8       IT IS THEREFORE ORDERED that, no later than **June 29, 2015,**
9  Petitioner shall inform the Court in writing why this case should not
10 be dismissed with prejudice because it is barred by the statute of
11 limitations.  Failure to timely file a response will result in a
12 recommendation that this case be dismissed.

13      DATED: May 27, 2015

16      PATRICK J. WALSH
        UNITED STATES MAGISTRATE JUDGE

24 S:\PJW\Cases-State Habeas\ORANTES, R 1018\OSC dismiss pet.wpd

---

[1] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

2